————o————

In the Matter of Jarvis S. Rogers, Appellant, *vs.* The County Court of Clinton County, Respondent.

1. *Certiorari only brings up the record—Facts* dehors *should be proved.*—The effect of the writ of *certiorari* is merely to bring up the records and proceedings of the lower court. And, so, where a petition for that writ charged facts *dehors* the record, showing the illegality of a certain county tax, on a hearing of the cause, those material to the case should be proved or admitted as in other trials; otherwise the writ should be dismissed.

*Appeal from Clinton Circuit Court.*

*J. F. Harwood,* for Appellant.

*Thomas E. Turney,* for Respondent.

Vories, Judge, delivered the opinion of the court.

The petitioner sued out of the Clinton Circuit Court a writ of *certiorari* which was directed to the County Court of said county for the purpose of reviewing their action in reference to the assessment of certain taxes on property belonging to him. After the return of the writ the case was examined and judgment rendered in favor of the defendant; whereupon the plaintiff appealed to this court.

The facts appearing from the record of this case are as follows : "That on the 2nd day of May, 1874, the complainant, Jarvis S. Rogers, presented a petition to the County Court of Clinton County in which he represented that there was a tax assessed on the tax books then in the hands of the collector of said county, against said complainant, for the year 1873, amounting to one hundred and fifty-four dollars, which tax was assessed against him on account of bank capital and on account of license as banker and exchange dealer, which said assessment was not authorized by law ; that said tax was unlawful in this, that the complainant is, and was at the time, a resident of the county of DeKalb, in the State of Missouri ; that, among other vocations, he had for several years past been engaged in the business of a broker and exchange dealer with his office located in the town of Cameron, in Clinton County, Missouri ; but that during all of said time he had resided with his family in the county DeKalb ; that he has never been a resident of Clinton County ; that in his business of broker he had received money on deposit and loaned the same to his customers ; that at the time he commenced said business, he deposited with his correspondent in New York five thousand dollars in United States bonds exclusive of interest coupons; that he was the sole owner of said bonds and that they have been and are still on deposit as aforesaid as a security against the stringency of the money market and other contingencies, etc.; that he then was and had been since the 1st day of January, 1873, the sole owner and manager of said business of broker and exchange dealer, carried on in said town of Cameron, and which business was carried on under the name of the " Park Bank;" that he has always since he commenced said business paid the collector of taxes for Clinton County the license tax required by law for the carrying on and transacting said business; that he has been assessed for and has paid the taxes upon all of the personal property, of every description, owned by him which is taxable under the laws of this State, in the county of DeKalb where he resides ; that he did not appear before the board of equalization and board of appeals for the

year 1873 for the reason that he was not a resident of Clinton County and had no knowledge that said assessment had been made against him in said county; that the five thousand dollars in bonds aforesaid is and was the only capital or funds invested in his said business of broker and exchange dealer for several years past, and that complainant was the sole owner of said bonds.

The complainant prayed that said assessment and tax entered on the tax book of the collector of said county, being illegal and void, the said court would abate and set aside said assessment, etc.

. This petition was verified by affidavit, of complainant's attorney to the effect that he believed it to be true.

. The said County Court after having heard and considered said petition dismissed the same for the reason that they had no jurisdiction over the matter.

The complainant afterwards on the 28th day of April, 1874, appeared in the Clinton Circuit Court and on his application a writ of *certiorari.* was issued out of said Circuit Court directed to said County Court requiring it to send up a transcript of the proceedings had in said cause. This writ was served and the County Court made a return thereto in which it set forth the petition filed in said court by the complainant, in substance as has hereinbefore been stated, together with a a copy of the assessment made against complainant and the proceeding had in said court on said petition, which said copy from the tax book and proceedings in the County Court is as follows:

. "Tax book of personal property of the county of Clinton, State of Missouri for the year 1873, assessed August 1st, 1873. page 95, Jarvis S. Rogers (Cameron) Exchange Broker, total personal property $5,000, State taxes, $22.50, county taxes $27.50, road tax $7.50, railroad sinking fund $7.50, school tax $100, aggregate $165."

The copy from the entries made in the County Court was as follows: "Now at this day here comes Jarvis S. Rogers by his attorney and presents a petition praying the court to

set aside the taxes for the year 1873, assessed against said petitioner on bank capital owned by him, the said petitioner. The court being advised in the premises ordered that the same be and the same is hereby dismissed for the want of jurisdiction."

After this return was made by the County Court to the Circuit Court on the 7th day of May, 1874, the cause came on for hearing in said Circuit Court. It is admitted by the parties that no evidence was offered by either party, but that the case or matter was submitted to the court on the petition of the complainant, and the return made to the writ of *certiorari*. The Circuit Court found for the defendant and rendered a judgment against the complainant for costs. The complainant filed his motion for a new trial which being overruled he excepted, and appealed to this court.

The complainant in this case, in the Circuit Court, asked the court to make several declarations of law as applicable to the case, but as there was no evidence given on the trial we cannot say whether said declarations of law were applicable to the case or not; and we are left in the same state of uncertainty in reference to the decision and judgment of the court.

The *certiorari* only brought the record and proceedings in the County Court before the Circuit Court. When the record came to the Circuit Court, the case was there to be tried and the essential matters of fact stated in the complainant's petition to show that the assessment against him was illegal should have been proved, unless they, in some way, were admitted on the record; but the complainant simply presented his petition to the court and asked the court, without evidence, to assume that the petition contains the truth.

In such a case we would not be authorized to say that the judgment of the Circuit Court was wrong.

The judgment will be affirmed; the other judges concur.